IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ADELINA BLANKENSHIP | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 1:23-CV-1328 MSN-IDD |
| YESENIA LASSITER | ) |
| Defendant. | ) |

**REPLY IN FURTHER SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II</u>**

Micah E. Ticatch, VA Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
mticatch@islerdare.com
*Counsel for Defendant Yesenia Lassiter*

John B. Mumford, Jr. (VSB No. 38764)
Jessica A. Swauger (VSB No. 89612)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
jswauger@hancockdaniel.com
*Counsel for Defendant Yesenia Lassiter*

As demonstrated in Ms. Lassiter's initial Memorandum in Support of Summary Judgment (Dkt. 26) ("Opening Brief"), Plaintiff's defamation claim is without merit. As discussed below,[1] in her Brief in Opposition (Dkt. 30) ("Opposition"), Plaintiff fails to raise any dispute of fact or identify any persuasive legal argument that would demonstrate otherwise.[2]  Consequently, Ms. Lassiter should be granted summary judgment on Count II of the Amended Complaint and be awarded her fees pursuant to Virginia's Anti-SLAPP law.

A.  **Summary Judgment is Warranted in Light of Plaintiff's Failure to Contest Any of Ms. Lassiter's Undisputed Facts.**

Under the Court's Local Rule 56(B), a party moving for summary judgment must have a specifically captioned section identifying the undisputed material facts with citations to the record. Ms. Lassiter did so in her Opening Brief.  (Dkt. 26 at 1-5, Statement of Undisputed Facts ("SUF").) The same Local Rule requires the responding party in its opposition to have a section of its own that identifies which of the moving party's facts the respondent contends are disputed, with citations to the record.  *See* Local Rule 56(B).  "[T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.*

---

[1] Although this Reply attempts to respond to each of the issues raised in the Opposition, Defendant has struggled to understand numerous portions of Plaintiff's brief, sometimes without success.  For example, in Section III.B of the brief, Plaintiff states, "Defendant points to the inclusion of third party photographs to try to explain away defamatory labeling.  There is no support for this principle in case law."  Plaintiff provides no citation to Defendant's brief, and Defendant lacks an understanding of what Plaintiff is referring to with this language.  (Dkt. 30 at 12-14.)  *See also* Plaintiff's second Section II (*id.* at 17-19); and Plaintiff's second Section III (*id.* at 19-20).  For understandable reasons, where an argument could not be deciphered, it is not addressed in this Reply.

[2] As best as can be discerned, Plaintiff's Opposition was technically filed late.  By order of the Court, Plaintiff was required to file on or before November 27, 2023.  (Dkt. 29.)  According to the NEF received by undersigned counsel, the Opposition was filed at 12:04 a.m. on November 28, 2023.  Plaintiff has not explained the late filing or asked for leave from the Court to consider the filing despite its tardiness.

Plaintiff's Opposition does not comply with the Local Rule, as she does not include a section listing the material facts she contends are disputed in her brief. Consequently, each of the facts identified by Ms. Lassiter in her Opening Brief should be considered admitted by Plaintiff. *See, e.g., Kanu v. Garland*, 2023 WL 3322565, at *1 (E.D. Va. 2023); *Mitchell v. Nat'l Credit Union Admin.*, 2023 WL 7285383, at *1, FN 2 (E.D. Va. 2023).

Among other things, Plaintiff has admitted that:

- the defamation claim relies entirely on the five videos that have been placed in the record by Ms. Lassiter (SUF ¶¶ 8-9);

- the "Lies Video" contains "no statements directed towards Plaintiff" (SUF ¶ 18);

- in the "Gaslit Videos, no statements are directed towards Plaintiff" (SUF ¶ 24);

- for the August 9, 2023 meeting that is featured in the "Shenanigans Video," Ms. Lassiter reasonably expected Plaintiff to be a participant, but Plaintiff was not in attendance at the meeting (SUF ¶ 31);

- other than a picture of Plaintiff with the word "absent" underneath it, the Shenanigans Video has "no other statements directed towards Plaintiff" (SUF ¶¶ 34, 35).

Summary judgment in Ms. Lassiter's favor would seem to be required purely in light of these admissions. It is undisputed that between the five videos, the only statement directed towards Plaintiff[3] is that she was "absent" from the August 9 meeting. But, it is also conceded that Plaintiff was not in attendance at that meeting, despite Ms. Lassiter reasonably expecting her to participate. That concession means the <u>only statement</u> directed towards Plaintiff was <u>substantially true</u>, and therefore nonactionable. *See, e.g., Jordan v. Kollman*, 269 Va. 569, 575 (2005).

---

[3] Perhaps recognizing that Ms. Lassiter's statements were not actually about her, Plaintiff attempts to argue that she can assert defamation for statements made about others based on "small group theory." (Dkt. 30 at 14-15.) This does not work. None of the videos contain statements directed at a "small group" that could be viewed as a comment on Plaintiff. But, more importantly, even if this were a plausible theory for the statements in this case, as a government actor, Plaintiff cannot rely on small group theory. *See, e.g., Dean v. Dearing*, 263 Va. 485, 489 (2002).

2

Because there are no actionable statements directed towards Plaintiff in the videos, summary judgement should be granted to Ms. Lassiter.

**B.     The Lies Video is Not Actionable.**

Even absent Plaintiff's concession of the facts, it is clear that the Lies Video is not defamatory. As noted in her Opening Brief (Dkt. 26 at 9-10), the only good-faith interpretation of this video is that, in Ms. Lassiter's opinion, Ms. Graham has intentionally ended meetings early to avoid discussing certain topics and has been untruthful about the reasons for ending those meetings early. Because Ms. Lassiter's opinion was based on clearly disclosed facts— the two seemingly conflicting statements Ms. Graham has made at two different meetings, the statement is nonactionable. *See, e.g., Schaecher v. Bouffault*, 290 Va. 83, 104 (2015) (statement that the plaintiff "was lying and manipulating facts to her benefit" was not actionable because the factual basis for that opinion was disclosed).[4] More importantly, because the target of the statement in the video is Ms. Graham not the Plaintiff, there is no basis for a claim by Plaintiff.

In her Opposition, Plaintiff states the following in what appears to be the entirety of her argument as to the Lies Video:

---

[4] In a later portion of the Opposition, Plaintiff improperly quotes *Hartnett v. Hardenbergh*, 2023 WL 4934998, at *12 (E.D. Va. 2023) as holding "It is well established that to state a person is a liar is actionable for defamation." (Dkt. 30 at 10.) This is not an accurate quote of the court or an accurate statement of the law. In reality, the court in *Hartnett* stated, "It is well established that to state a person is a liar is actionable for defamation <u>in certain contexts</u>." (Emphasis added); *see also Schaecher,* 290 Va. at 101 ("The Supreme Court of the United States has also explained that, in the proper context, an accusation that one is a liar is grounds for defamation. As with all evaluations of defamatory statements, however, context is of the utmost importance.) (Citations omitted).

One of the contexts when an accusation of an individual of lying *cannot* support a defamation claim was explained in *Schacher*, where the Virginia Supreme Court held that accusation is <u>not actionable</u> when the speaker discloses the facts on which that opinion is based. *Schaecher*, 290 Va. at 104.

3

> In the Campaign Video titled 'Lies, Lies and More Lies,' the title on its face is actionable. The meaning is clear; Adelina and her team are lying to Lassiter to prevent her from attending meetings.

(Dkt. 30 at 8.)

First, as noted in the Opening Brief, the video must be evaluated as a whole — the title is not actionable on its own. *See, e.g., Padula-Wilson v. Landry*, 298 Va. 565, 579 (2020). Second, it is unclear how the title, which makes no mention of, or allusion to, Plaintiff, could be actionable "on its face." Third, no reasonable fact-finder could interpret the "Lies Video" as accusing *Plaintiff* of lying rather than Ms. Graham. Fourth, Plaintiff offers no explanation or argument of how this video is anything other than an opinion based on disclosed facts — likely because there is none. Lastly, Plaintiff offers no response to the fact that Ms. Lassiter is immune from liability under the Anti-SLAPP law. Consequently, summary judgment should be granted on Plaintiff's defamation claim based on the Lies Video.

### C. The Gaslit Videos are Not Actionable.

In the Opening Brief, Ms. Lassiter demonstrated how the Gaslit Videos were not defamatory. (*See* Dkt. 26 at 10-11.) In response, Plaintiff points to a single "false" statement of fact in the video, claiming, "Lassiter states that her Daughter is not allowed to go to the bathroom upon request. This is false." (Dkt. 30 at 8.) Plaintiff does not cite to a time stamp in the videos or provide any actual quotations from any of the videos. As best as can be discerned, there is no statement in the Gaslit Videos as Plaintiff portrays it.[5] Plaintiff cannot defeat summary judgment without an actual citation or quotation from the videos in the record.

---

[5] It should be noted that Ms. Lassiter raised the lack of citation or quotation in prior briefing (*see* Dkt. 18 at 11) when Plaintiff made the same statement in support of her Motion for TRO. Given that history, it would seem that Plaintiff's failure to provide a citation or accurate quotation in her subsequent *summary judgment* opposition brief was intentional.

4

Moreover, Plaintiff acknowledges in a footnote that, at one time, Daughter was in fact denied the ability to go to the bathroom on request. (*See id.* at FN 2.) Thus, even if Ms. Lassiter had made the statement Plaintiff claims, such a statement would be true or substantially true. Furthermore, Plaintiff offers no explanation for how her reputation was harmed by such a statement if it was made, or why Ms. Lassiter would not be immune from the defamation claim under the Anti-SLAPP law.

For all these reasons, summary judgment should be granted as to Plaintiff's claims based on the Gaslit Videos as well.

### D. The Shenanigans Video is Not Actionable.

As noted in the Opening Brief, the only statement regarding Plaintiff in the Shenanigans Video is the word "absent" below her picture, which is not actionable. (*See* Dkt. 26 at 11-12.) In Opposition, Plaintiff still argues "absent" is defamatory. (Dkt. 30 at 7.) But, such a statement is not actionable because it is true— Plaintiff was not at the meeting despite Ms. Lassiter's reasonable expectation that she would be present. (*See* SUF ¶¶ 31, 35.)

Moreover, even if the statement were somehow inaccurate, an accusation that someone missed a single meeting without justification does not have the requisite defamatory sting, as it is not the type of accusation that would make one odious in the estimation of mankind. Although not ideal, almost every human being fails to attend a meeting occasionally without a valid excuse. Students and teachers are described as "absent" from classrooms and meetings every day.[6] Such ordinary conduct does not render a person "odious" or "infamous."

---

[6] Plaintiff cites to the case of *Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 133 (2003) for the proposition that accusing one of being "absent" from a meeting is defamatory. The accusation in *Fuste* was that doctors "left suddenly" and "abandoned their patients" – in other words the doctors permanently severed their relationship with their patients without warning. This is not analogous to an accusation of a teacher missing a single meeting.

5

Further, even if the word "absent" were somehow actionable, Plaintiff cannot defeat Ms. Lassiter's Anti-SLAPP immunity, and she has not offered any argument to the contrary.

Beyond the "absent" label, Plaintiff alleges that "[s]tatements in the video indicat[e] that Lassiter was being held against her will are actionable as suggesting a crime." No fact-finder could reasonably interpret the video in that manner. But, even if the video could somehow be interpreted as suggesting that the *meeting participants* had committed the crime of kidnapping against Ms. Lassiter, the video clearly identifies that Plaintiff was not a meeting participant, and therefore could not be implicated in such a statement.

Lastly, Plaintiff states in her brief that "multiple times" the video "derides" Plaintiff's work product and "frequently implies that the meeting cannot continue because Blankenship (1) is not present (2) to explain her defective work product." (Dkt. 30 at 8.) Again, Plaintiff does not cite the time stamp of the video she is referring to, nor does she provide any direct quotations. As best as can be discerned, no such statements were made in the video. Moreover, even if Ms. Lassiter had made such statements, neither would seem to be an actionable false statement of fact with the requisite defamatory sting. Lastly, Plaintiff offers no explanation for how she could defeat Ms. Lassiter's Anti-SLAPP immunity for such statements.

E. **Plaintiff Appears to Concede Ms. Lassiter is Covered by the Anti-SLAPP Law.**

In the Opening Brief, Ms. Lassiter demonstrated that each of her videos are protected by Virginia's Anti-SLAPP law. (Dkt. 26 at 7-8, 12-14.) Plaintiff has not contested that conclusion in her Opposition. Plaintiff has further failed to demonstrate any basis for overcoming the immunity Ms. Lassiter is entitled to under that statute. As such, the claim is subject to dismissal for that reason alone. *See, e.g., McArthur v. Brabrand*, 610 F. Supp. 3d 822, 834 (E.D. Va. 2022) (noting that the plaintiffs' failure to address a certain argument in their opposition conceded the argument).

Plaintiff has also failed to contest that Ms. Lassiter is entitled to her fees under the statute. As such, for the reasons stated in the Opening Brief, Ms. Lassiter should be awarded her reasonable attorneys' fees in defending this action.

Plaintiff does, without much explanation, mention the *Noerr-Pennington* doctrine. (Dkt. 30 at 19-20.) It is unclear from her brief why she has mentioned this doctrine. *See id.* However, to the extent Plaintiff is arguing that statutory fee-shifting somehow violates *Noerr-Pennington*, she is mistaken. *See, e.g., Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555-56 (2014)*; Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1344 (2011) ("The Noerr–Pennington doctrine has no application in this case. The doctrine immunizes legitimate petitioning activity from civil liability but fee shifting is not civil liability within the meaning of the Noerr–Pennington doctrine."); *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 373 (7th Cir. 1987) ("[T]he proposition that the first amendment, or any other part of the Constitution, prohibits or even has anything to say about fee-shifting statutes in litigation seems too farfetched to require extended analysis. Fee shifting requires the party that creates the costs to bear them. This is no more a violation of the first amendment than is a requirement that a person who wants to publish a newspaper pay for the ink, the paper, and the press.").

## CONCLUSION

Plaintiff's claim for defamation against Ms. Lassiter is without merit. The Court should grant Ms. Lassiter summary judgment on Count II and award her reasonable attorneys' fees in defending the claim.

Dated: December 4, 2023

Respectfully submitted,

/s/ Micah E. Ticatch
Micah E. Ticatch, VA Bar No. 83351
IslerDare, P.C.
1945 Old Gallows Road, Suite 650

        Vienna, VA 22182
        Phone: (703) 748-2690
        Fax: (703) 748-2695
        mticatch@islerdare.com
        *Counsel for Defendant Yesenia Lassiter*

        /s/ Jessica A. Swauger
        John B. Mumford, Jr. (VSB No. 38764)
        Jessica A. Swauger (VSB No. 89612)
        HANCOCK, DANIEL & JOHNSON, P.C.
        4701 Cox Road, Suite 400
        Glen Allen, Virginia 23060
        Telephone: (804) 967-9604
        Facsimile: (804) 967-9888
        jmumford@hancockdaniel.com
        jswauger@hancockdaniel.com
        *Counsel for Defendant Yesenia Lassiter*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 4th day of December 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

       M. Keith Blankenship, Esq.
       Da Vinci's Notebook, LLC
       9000 Mike Garcia Dr., No. 52
       Manassas, VA 20109
       Keith@dnotebook.com

        /s/ Micah E. Ticatch
       Micah E. Ticatch, VA Bar No. 83351
       IslerDare, P.C.
       1945 Old Gallows Road, Suite 650
       Vienna, VA 22182
       Phone: (703) 748-2690
       Fax: (703) 748-2695
       mticatch@islerdare.com
       *Counsel for Defendant Yesenia Lassiter*