IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| **ADELINA BLANKENSHIP,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: 1:23-cv-1328-MSN-IDD |
| **YESENIA LASSITER,** | ) ) ) | |
| Defendant. | ) ) | |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF
### DEFENDANT YESENIA LASSITER'S PARTIAL MOTION TO DISMISS

In her opening memorandum (Dkt. 23), Ms. Lassiter demonstrated that both Count I ("Declaration of Rights (Violation of Civil Rights, 42 U.S.C. § 1983)") and Count III ("Violation of Virginia Code Section 18.2-152.1, *et seq*.") were subject to dismissal because neither claim is plausible based on the facts alleged in the Amended Complaint.

As explained below, Plaintiff's Opposition[1] (Dkt. 31) fails to alter that conclusion. With regards to Count I, Plaintiff has not pointed to any factual allegations in her Amended Complaint that plausibly establish a claim for declaratory judgment. Moreover, even if Plaintiff had properly alleged a claim for declaratory judgment (which she has not), the Court should decline to exercise jurisdiction as a declaration would serve no useful purpose. As to Count III, Plaintiff's Opposition provides no meaningful response to the Motion to Dismiss, essentially conceding what was

---

[1] As best as can be discerned, Plaintiff's Opposition was technically filed late. By order of the Court, Plaintiff was required to file on or before November 27, 2023. (Dkt. 29.) According to the NEF received by undersigned counsel, the Opposition was filed at 12:06 a.m. on November 28, 2023. Plaintiff has not explained the late filing or asked for leave from the Court to consider the filing despite its tardiness.

apparent from the Amended Complaint, that there are no facts to support the claims asserted. Both counts should be dismissed with prejudice.

# ARGUMENT

A.  **Plaintiff Essentially Concedes That the Amended Complaint Fails to State a Claim Under the Virginia Computer Crimes Act.**

As noted in the opening brief Plaintiff's Count III actually asserts three separate causes of action against Ms. Lassiter — none of which are factually supported. (Dkt. 23 at 3-6.) Plaintiff's 22-page Opposition devotes only two brief paragraphs to defending this claim. In those paragraphs, Plaintiff fails to cite: any factual allegations in the Amended Complaint; any cases that support her claim; or reference any statutory language. Rather than oppose the arguments set forth in the opening brief, Plaintiff, instead, vaguely asserts that Ms. Lassiter has "no rights to re-publish the videos" which she purportedly obtained "on the basis of fraud," and Ms. Lassiter committed a crime when she published videos to harm Plaintiff. (Dkt. 31 at 21.) These assertions do not support a claim for violation of the VCCA, and there are no factual allegations in the Amended Complaint to support these conclusory statements. Further, the allegations certainly do not meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b).

Considering Plaintiff has not made a serious attempt to defend the claims in Count III, it seems apparent that amendment would be futile. *See McArthur v. Brabrand*, 610 F. Supp. 3d 822, 834 (E.D. Va. 2022) (noting that the plaintiffs' failure to address a certain argument in their opposition conceded that argument). Consequently, Count III should be dismissed with prejudice.

B.  **Plaintiff Fails to State a Claim for a Declaratory Judgment.**

   a. **The Amended Complaint Does Not Allege a Case or Controversy of Sufficient Immediacy and Reality.**

For a federal court to properly exercise jurisdiction in a declaratory judgment proceeding, the complaint must allege an actual case or controversy of sufficient immediacy and reality to

warrant issuance of a declaration. *See Santiago v. Prof'l Foreclosure Corp. of Va.*, No. 3:23cv378 (RCY), 2023 U.S. Dist. LEXIS 189277, at *3 (E.D. Va. Oct. 20, 2023). "The test for a case or controversy ... is whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." *Cole v. Daoud*, 2016 U.S. Dist. LEXIS 100958, *29 (E.D. Va. July 6, 2016) (quoting *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990)) (internal quotations omitted). Here, there are no allegations in the Amended Complaint to suggest that such a dispute exists, and therefore, Count I should be dismissed.

Preliminarily, the only allegations in the Amended Complaint that even approach an indication of potential legal action relate to comments allegedly made by Ms. Lassiter (or her advocate) at an IEP meeting (hereafter, the "Meeting"), in which the speaker stated a belief that to the extent the school district continued the meeting, that such conduct would be illegal and might lead to a lawsuit. (Dkt. 11-1 at ¶ 31.) For the reasons stated in the Memorandum in Support of the Motion to Dismiss (Dkt. 23), these comments are insufficient to warrant a declaratory judgment claim.

Now, for the first time, Plaintiff argues in her Opposition that her concerns regarding potential litigation relate to Ms. Lassiter's dissatisfaction with an IEP Plaintiff purportedly participated in drafting, in part. (*See* Dkt. 31 at 7-9.) However, the Amended Complaint does not contain any allegations to suggest that Plaintiff had a reasonable apprehension of suit related to her role in drafting the proposed IEP discussed at the Meeting (or any other IEP). In fact, Plaintiff has declared that the "verbiage of the goals" with which Ms. Lassiter took issue at the Meeting "did not derive from Blankenship, but rather were changed in previous IEP meetings to their contemporaneous form *by Lassiter and past advocates employed by her*." (Dkt. 9 at ¶ 16b

(emphasis added).) It defies logic, even under Plaintiff's latest theory, how Plaintiff could be concerned about a lawsuit related to IEP language drafted by Ms. Lassiter.

Moreover, the narrative presented in the Opposition is not supported by factual allegations in the Amended Complaint. For example, Plaintiff cites paragraphs 31(G), 32, and 33 of the Amended Complaint in support of her theory that Ms. Lassiter threatened Plaintiff with suit in connection with her role in IEP drafting. However, these allegations directly contradict the same. These paragraphs serve only to confirm that any potential suit related to potentially continuing the Meeting in Ms. Lassiter's absence, that Plaintiff was not present at the Meeting, and that any comments related to potential legal action were not directed at her. (*See* Dkt. 11-1 at ¶¶ 31-34.)

Further, the Opposition is replete with assertions that are not contained in the Amended Complaint. It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, n.9 (E.D. Va. 2004).[2] For example, the Opposition states that "Lassiter, and her legal advocates, were explicit: 'We will sue you.' 'You are in violation of the ADA and IDEA." (Dkt. 31 at 21; *see also id.* at 7 ("Defendant declared without any ambiguity that she would sue Plaintiff.").) These statements do not appear in the Amended Complaint. The Opposition also asserts that Ms. Lassiter "overtly threatened to sue Plaintiff based expressly on Plaintiff's work product for a federal claim." (*See id.* at 7.) Again, this statement is not alleged in the Amended Complaint.

The only mention of potential legal action in the Amended Complaint was in regard to a dispute over whether a meeting should continue beyond its initial scheduled time. (*See* Dkt. 11-1,

---

[2] Plaintiff filed a declaration along with the Motion to Dismiss, which she cites multiple times in her brief. (Dkt. 31 at 3, 18, 21.) However, declarations are not properly considered on such a motion, which is limited to the pleadings. *See, e.g., Morris v. Gen. Info. Servs., Inc.*, No. 3:17CV195, 2018 WL 4609943, at *2 (E.D. Va. Sept. 25, 2018) (citing footnote 9 of *Katz*).

4

¶ 31.) But Plaintiff was not a meeting participant, and there is no plausible explanation for how she could perceive that threat as directed to her. (*See id.* at ¶ 33.)

In other words, Plaintiff's purported apprehension of being sued by Ms. Lassiter is not objectively real or reasonable. Therefore, this claim should be dismissed for failure to plead an actual case or controversy to warrant a declaratory judgment action.

### b. A Declaratory Judgment Will Not Serve a Useful Purpose.

Even if the case or controversy condition is satisfied (it is not), this Court, in its discretion, must be satisfied that declaratory relief is appropriate. The following factors are relevant to determine whether a district court should grant declaratory relief:

> (1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; (2) whether the judgment will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding; (3) considerations of federalism, efficiency, and comity; (4) whether the declaratory judgment action is being used as a device for procedural fencing - that is, to provide another forum for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Cole*, 2016 U.S. Dist. LEXIS 100958 at *30 (cleaned up). In contrast, "[a] declaratory judgment is unavailable in situations where . . . claims and rights asserted have fully matured, and the alleged wrongs have already been suffered. *Id.* at *34 (cleaned up).

In seeking a declaratory judgment that Plaintiff "has never violated, and is not in violation of [42 U.S.C. § 1983] or related statutes," (Dkt. 11-1 at ¶ 49), Plaintiff claims the useful purpose criterion is satisfied as she is frozen in her capacity to assist in creating or transitioning Daughter's IEP. (Dkt. 31 at 7.) Plaintiff also argues that a declaration will be useful because "[u]p until one month ago, Plaintiff has been asked to participate in FOIA requests based on Defendant's alleged IDEA deficiencies filed subsequent to the filing of this action. Plaintiff is still involved in the Daughter's case file, and Defendant is still seeking Plaintiff's involvement in the Daughter's IEP

5

and IEP history." (*See id.* at 18; *see also* Dkt. 32 at ¶ 3.) Again, Plaintiff's claims in her Opposition are belied by the allegations in the Amended Complaint.

First, Plaintiff alleged in her Amended Complaint that the subject of the Meeting was "Daughter's future IEP." (Dkt. 11-1 at ¶ 34.) "Blankenship's input was not *allowed or pertinent to the meeting"* regarding her future, high school IEP as Plaintiff is a middle school teacher. *Id.* ("[S]ince the subject of the meeting was the Daughter's future IEP, the correct personnel would be employed by *Gainesville High School*, which the Daughter would soon attend.") (emphasis added). Accordingly, the Opposition appears to directly contradict Plaintiff's Amended Complaint as Plaintiff alleged that her further involvement with respect to the IEP was not permitted. Second, to the extent Plaintiff has participated (or will participate) in responding to FOIA requests related to Daughter, there are no factual allegations regarding such participation, much less any allegations to suggest a threat of litigation in connection with the same.

Plaintiff has conceded there is no ongoing controversy with respect to her role in IEP drafting. Therefore, the only theoretical concern raised by Plaintiff's Opposition relates to the parties' past conduct. With respect to past conduct, any claims or rights have already fully matured, and a declaratory judgment is not available. Here, as there is no reasonably certain future conduct to be prevented, a declaratory judgment will serve no useful purpose, and therefore, the Court should decline to exercise jurisdiction.

Further, because Plaintiff has already been given an opportunity to amend her complaint, it is apparent that any further amendment would be futile. Plaintiff should not be given a third bite at the apple. As such, Count I should be dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, in the Memorandum in Support of the Partial Motion to Dismiss, and to be presented in oral argument, the Amended Complaint's threadbare recital of the elements of these causes of action is insufficient to state a claim as to either declaratory judgment or for a violation the Virginia Computer Crimes Act. Both Count I and Count III should be dismissed with prejudice.

Dated: December 4, 2023                                  Respectfully submitted,

       /s/ Micah E. Ticatch
Micah E. Ticatch, VA Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
mticatch@islerdare.com
*Counsel for Defendant Yesenia Lassiter*

       /s/ Jessica A. Swauger
John B. Mumford, Jr. (VSB No. 38764)
Jessica A. Swauger (VSB No. 89612)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
jswauger@hancockdaniel.com
*Counsel for Defendant Yesenia Lassiter*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

      /s/ Micah E. Ticatch
Micah E. Ticatch, VA Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
mticatch@islerdare.com
*Counsel for Defendant Yesenia Lassiter*