UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADELINA BLANKENSHIP,<br>          Plaintiff,<br><br>   v.<br><br>YESENIA LASSITER,<br>          Defendant. | 1:23-cv-1328-MSN-IDD |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (Dkt. 7), Defendant's Motion to Dismiss for Failure to State a Claim for Counts I and III (Dkt. 22), and Defendant's Motion for Partial Summary Judgment as to Count II (Dkt. 25). Upon consideration of the motions, oppositions, and replies, and finding that oral argument would not materially aid the Court's decisional process, the Court will dismiss this case for lack of jurisdiction.

**I.   BACKGROUND**

**A.   Factual Background**

Defendant Yesenia Lassiter has a daughter who attended Gainesville Middle School, where Plaintiff Adelina Blankenship teaches. Lassiter's daughter was in Blankenship's English class, and Blankenship also served as her special education case worker. Lassiter recently campaigned for a position on the school board, in which she posted videos on social media that documented her purported difficulties with the Prince William County school board and school administrators, especially as it pertained to obtaining special education accommodations for her daughter. The videos contain provocative, select excerpts from conversations and interactions with

1

administrators and school board members. Lassiter sometimes provided the contact information of school administrators in the videos and encouraged viewers to "make your voice heard." She used an image of Blankenship (among others) from video calls and identified her by name in some of the videos concerning her daughter's accommodations.

One video demonstrates Lassiter's purported outrage over school administrators' attempt to finish a meeting concerning Lassiter's daughter's individualized education program ("IEP") without her, or without giving her a fifteen-minute break after several hours had passed. Blankenship was not present at this meeting because it concerned Lassiter's daughter's future IEP at high school and took place over the summer when Blankenship was not permitted to work as a teacher. Dkt. 9 ¶ 16. Lassiter allegedly stated: "If you're going to try to hold us hostage here without letting us go on bathroom breaks or do anything else you're going to have a lawsuit." First Am. Compl. ("FAC") ¶ 31. Lassiter stated the administrators were "trying to illegally hold a meeting" and that they were "going to have a problem and a lawsuit." *Id.*

### B. Procedural History

Blankenship filed this suit alleging four claims. She seeks a declaratory judgment that she has not violated 42 U.S.C. § 12101, *et seq.*, or 20 U.S.C. § 1400, *et seq.*, by denying Lassiter or her daughter their civil rights under the Americans with Disabilities Act or Individuals with Disabilities Education Act. She also brings a defamation claim and a claim under Va. Code § 18.2-152.1, *et. seq.*, the Virginia Computer Crimes Act. Blankenship sought a temporary restraining order that would, among other things, enjoin Lassiter from using Blankenship's image or other personally identifying information in social media posts. *See* Dkt. 7.

After opposing Blankenship's Motion for a Temporary Restraining Order, Lassiter moved for summary judgment on the defamation claim and moved to dismiss the other claims for failure

to state a claim. *See* Dkt. 22; 25.

**II.     DISCUSSION**

"Subject matter jurisdiction is a threshold issue," which the Court "must address before addressing the merits" of a claim. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Although the parties did not raise the issue of this Court's subject-matter jurisdiction, the Court has "a burden to address Article III jurisdiction sua sponte." *Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022) (emphasis omitted).

Federal court jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. Article III requires "that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). The Declaratory Judgment Act incorporates this requirement and provides that "in a case of actual controversy … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.").[1]

Blankenship has not alleged a justiciable Article III controversy with respect to her declaratory judgment claims. To satisfy this requirement for a declaratory judgment action, the allegations must "show that there is a substantial controversy, between parties having adverse legal

---

[1] Lassiter presented this argument in a Rule 12(b)(6) motion to dismiss for failure to state a claim, rather than in a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *See* Dkt. 22. The reasons Lassiter argued that Blankenship failed to state a declaratory judgment claim, however, also speak directly to this Court's subject-matter jurisdiction over those claims. *See* Dkt. 23 at 2-3 (arguing "the Amended Complaint does not articulate a case of actual controversy"); *MedImmune, Inc.*, 549 U.S. at 127.

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Blankenship seeks a declaratory judgment that she is not denying Lassiter or her daughter rights granted to them under the Americans with Disabilities Act or the Individuals with Disabilities Education Act. FAC ¶ 47. She relies on her allegations of "explicit threats of Lassiter" as forming the basis of the controversy that provides her standing to bring this claim. *Id.* ¶ 49. But there are no allegations that Lassiter ever indicated that she would sue Blankenship. Rather, Blankenship only alleges that during a meeting in which Blankenship was not present, Lassiter stated "you're going to have a lawsuit" when administrators attempted to continue an IEP meeting without providing Lassiter her requested break. *Id.* ¶ 31. Because Lassiter's only alleged litigation threats concerned the procedures of a particular IEP meeting—one Blankenship did not attend (*id.* ¶ 34)—there is no "substantial controversy … of sufficient immediacy and reality" to provide Blankenship with standing to bring a declaratory judgment action. Nor are there any other allegations pertaining to a controversy concerning federal civil rights laws between Lassiter and Blankenship; indeed, now that Lassiter's daughter is in high school, Blankenship no longer has a "pertinent" role in the child's education. *See id.* ¶ 34.[2] Because there is no actual controversy underlying Blankenship's declaratory judgment claims, the Court lacks jurisdiction to consider them.

The Court will accordingly dismiss Blankenship's remaining state law claims for lack of jurisdiction as well. Blankenship brought this suit in federal court asserting that the Court has federal question jurisdiction over her declaratory judgment claims and supplemental jurisdiction

---

[2] In addition, Blankenship does not explain, through allegations or in briefing, how Lassiter—rather than Lassiter's daughter, who is not a party to the suit—has any rights at issue under the federal civil rights statutes.

4

over her state law claims.[3] FAC ¶ 3. But because this Court lacks jurisdiction to decide the declaratory judgment claims—the only ones that would have provided this Court with original jurisdiction—the Court will decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts may decline to exercise supplemental jurisdiction over a claim … if … [it] has dismissed all claims over which it has original jurisdiction").

\*   \*   \*

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Amended Complaint (Dkt. 11-1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Dkt. 7), Defendant's Motion to Dismiss for Failure to State a Claim for Counts I and III (Dkt. 22), and Defendant's Motion for Partial Summary Judgment as to Count II (Dkt. 25) are **DENIED AS MOOT**;

It is **SO ORDERED.**

The Clerk is directed to close this civil action.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
December 5, 2023

---

[3] The parties do not have diversity of citizenship. FAC ¶¶ 1-2.