IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADELINA BLANKENSHIP | Docket No. 1:23-cv-1328 |
| Plaintiff | |
| v. | |
| YESENIA LASSITER | |
| Defendant | JURY TRIAL DEMANDED |

BRIEF IN SUPPORT OF MOTION TO AMEND, STAY, ETC.

**INTRODUCTION**

Plaintiff Adelina Blankenship ("Blankenship") her its complaint in the present litigation against Yesenia Lassiter. ("Lassiter") on September 28, 2023. The Complaint included causes of action for defamation, various computer crimes, and a declaration of rights. On October 23, 2023, Blankenship amended her complaint because post-filing investigation revealed one basis of Blankenship's allegations lacked adequate factual foundation – although the investigation revealed that Lassiter goaded a Prince William employee into breaking a Prince William County regulation. Accordingly, Blankenship removed allegations related to federal computer crimes.

Two events have happened in the last month that necessitate and support this motion. In early December, Lassiter began initial agency actions against Prince William County and its employees, including Blankenship, who was the principal witness in the agency action. In this agency action, Blankenship, upon reviewing Lassiter's evidence against Blankenship's alleged malfeasance, learned that Lassiter submitted false documentation concerning the Daughter's[1] alleged deficiencies. This is grounds for an amendment based on a renewed cause of action. Furthermore, Lassiter instituted an agency action against Blankenship in retaliation for the present litigation. This principal basis for this agency action, according to the reviewing attorney, was that Blankenship was married to a federal litigation attorney.

---

[1] This Court rightly noted that the Daughter of the Complaint, in its recent dismissal order, might be a natural defendant rather than the cited Defendant. However, Plaintiff who is a professional educator, will not under any circumstance sue a young girl in federal court for the alleged problems associated with her parents. The Plaintiff would rather lose and head to a Virginia Commonwealth court.

**ARGUMENT**

**I. The Legal Basis of Amending a Complaint**

A party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." *Id*. The Fourth Circuit interprets Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)(en banc). Delay is a sufficient reason to deny leave to amend only when accompanied by prejudice, bad faith, or futility. *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir.1980)

A. Prejudice to the Opposing Party

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986). An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis*, 615 F.2d at 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

In this instance, the present amendment will not be prejudicial as all of the facts and circumstances were in the possession of Defendant. There are two new factual circumstances. The first factual circumstance is that Lassiter submitted false documents to Prince William County to seek special accommodations for the Daughter. In short, Lassiter procured the assistance of a doctor, Dr. Federici, that was not merely suspended for unorthodox theories, but his theories are so bizarre that he has garnered special attention from groups having no other *raison d'être* other than to stop the doctor's crazy theories from promulgating. The doctor that formulated the alleged basis of the daughter's special circumstances was suspended[2] by the Virginia medical board two years prior to seeking the videos that formed the basis of the present litigation. In short, Dr. Federici treated children like livestock; in particular, his ideas concerning the mental domination of children is reminiscent of how the undersigned's grandfather 'broke horses' on his North Alabama ranch.

Sending someone a false document to procure access to electronic communications is a breach of the Stored Communications Act. *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 968 (11th Cir. 2016)(In action brought under Stored Communications Act (SCA), district court properly denied defendant ex-wife's motion for judgment as matter of law because e-mails that ex-wife accessed before her ex-husband did were subject to protections of SCA at time that ex-husband reviewed them because ex-wife accessed facility through which electronic communication service was provided and thereby obtained access to electronic communication while it was in electronic storage under plain language of statute.). Lassiter is a shameless publicity troll. The idea that Lassiter sought electronic communications from Prince William County and emphasized

---

[2] The undersigned, who is published research scientist, does not mind admitting that medical doctors are often suspended for reasons other than the merits. Also – medical boards are not 'right' simply because there is a consensus. In fact, it may be the case that the unusual nature of Dr. Federici's theories may be unrelated to the basis of the Daughter's diagnosis. However, it is telling that Lassiter did not seek a supplemental diagnosis. A reasonable person would do so.

Blankenship's role in a contrivance to feign oppression against the Daughter is shocking, knowingly wrong, and highly publicized throughout the Internet.

Furthermore, and rather than the injection of a new legal theory, the present amendment also asks this Court to consider new facts. These facts were under the control of the Defendant and Defendant failed to disclose these facts. In particular, Defendant had plans to sue Prince William County and Blankenship. These plans started on December 5, 2023; wherein Lassiter decided to proceed with plans to sue Prince William County and its employees, beginning with Blankenship. The initial lawsuit began with Blankenship, wherein the "social scientist" mentioned in the complaint initiated a campaign to sue Blankenship and Prince William County based on Blankenship's alleged negligence related to the Daughter's education. The "social scientist" spent approximately two hours questioning Blankenship concerning Blankenship's fitness to engage with the Daughter concerning the Daughter's alleged infirmities. Multiple questions were related to alleged deceptiveness concerning Blankenship's creation of an IED for the Daughter.

B. Bad Faith

Blankenship has exhibited no bad faith related to the present amendment. To the extent that this Motion is delayed is based on the knowledge of the Defendant.

C. Futility

Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis*, 615 F.2d at 613 (4th Cir.1980). The present amendment effectively provides a basis for a federal cause of action under the Stored Communications Act.

II. **Motion To Stay**

This Court may stay this litigation based on a present circumstances. In particular, Defendant is actively suing Prince William County as well as its employees in agency actions. These law suits are in their genesis, and could potentially result in the litigation based on which Plaintiff brought it's declaratory judgement.

III.  **Conclusion**

The present amendment of the complaint should be allowed.  The amendment is timely; the latest facts under which this Amendment is based occurred within the last 30 days.  The amendment does not unfairly prejudice the Defendants; the scope of the infringement has not changed, merely the nature.  Furthermore the amendment frustrates no action of the Defendants as they have been immobile throughout the litigation.  The amendment is not futile; it effectively calls on the Court to credit facts that only occurred subsequent to the Court's dismissal order.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of January 2024, I will electronically file this brief with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                                                       */s/*
                                        Keith Blankenship (VSB #70027)
                                        Da Vincis' Notebook, LLC
                                        9000 Mike Garcia Road
                                        No. 52
                                        Manassas, VA 20109