IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| ADELINA BLANKENSHIP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No: 1:23-cv-01328 |
| YESENIA LASSITER, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT YESENIA LASSITER'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND STAY**

The Court previously issued a final judgment dismissing Plaintiff's First Amended Complaint without leave to amend, which closed the matter. Plaintiff did not timely appeal the judgment or timely seek to alter or amend the judgment. Instead, Plaintiff filed her pending "Motion to Amend and Stay." The Motion is procedurally improper and should be denied. Moreover, even if the Court substantively considered the Motion, the proposed pleading fails for the very same reason her last complaint failed— it does not adequately state a legal claim to which Plaintiff is entitled to relief. Plaintiff's Motion should be denied.

**BACKGROUND**

Plaintiff filed her initial Complaint (Dkt. 1) on September 28, 2023. On October 24, 2023, Plaintiff filed her First Amended Complaint (Dkt. 11-1). The First Amended Complaint alleged a federal claim for declaratory judgment (Count I) and two claims under state law for defamation (Count II) and violations of the Virginia Computer Crimes Act (Count III). Ms. Lassiter timely moved to dismiss Counts I and III and for summary judgment as to Count II. Dkts. 22, 25.

On December 5, 2023, the Court dismissed the federal claim for lack of jurisdiction because "there is no actual controversy underlying Blankenship's declaratory judgment claims." Dkt. 35 (the "Dismissal Order") at 4. The Court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice. *Id.* at 5. The Court denied all other pending motions as moot, and directed the Clerk to close the action. *Id.* The Court did not grant Plaintiff the right to amend her pleading. *Id.*

On January 5, 2024, Plaintiff filed the instant Motion to Amend and Stay (Dkt. 36). On January 6, 2024, Plaintiff filed her proposed pleading, which is referred to in this brief as Plaintiff's "Second Amended Complaint."[1] Dkt. 37.

## ARGUMENT

### I.   PLAINTIFF'S MOTION TO AMEND IS PROCEDURALLY IMPROPER

As noted, this case was dismissed on December 5, 2023, without leave to amend, rendering the Dismissal Order a final judgment. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022). The Fourth Circuit has repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). *Haynes v. JTH Tax, Inc.*, 2018 U.S. Dist. LEXIS 243716, at *11 (E.D. Va. April 3, 2018) (quoting *Calvary Christian Center v. City of Fredericksburg, Va.*, 710 F. 3d 536, 539 (4th Cir. 2013)).

Plaintiff has not filed a motion to vacate the Dismissal Order. A motion under Federal Rule of Procedure 59 must be filed no later than 28 days after the entry of judgment. The deadline for a Rule 59 motion in this case was January 2, 2024, and therefore, Plaintiff is precluded from filing

---

[1] Plaintiff actually labelled her proposed pleading "First Amended Complaint," but that is the same name given the pleading that she previously filed and was dismissed by the Court. *See* Dkt. 11-1.

2

such a motion. Plaintiff's Motion to Amend or Stay (Dkts. 36-38) does not seek relief from a judgment or order pursuant to Rule 60 – nor could Plaintiff cite any reason justifying relief pursuant to Rule 60.

Plaintiff's Motion to Amend and Stay should be denied as final judgment has been entered in this matter.

## II. AMENDMENT OF THE COMPLAINT IS FUTILE

Even if the Motion to Amend and Stay was procedurally proper, amendment would be futile as the proposed Second Amended Complaint presents the same maladies as the First Amended Complaint which was dismissed by the Court. Dkt. 35.

### a. Count I Fails to State a Claim Upon Which Relief May Be Granted.

In Count I (Declaration of Rights, Violation of Civil Rights, 42 U.S.C. § 1983) of the Second Amended Complaint (as in the First Amended Complaint), Plaintiff seeks a declaratory judgment that Plaintiff "has never violated, and is not in violation of [42 U.S.C. § 1983] or related statutes." Dkt. 37 at ¶ 55.

Like the First Amended Complaint, the Second Amended Complaint fails to allege a justiciable Article III controversy with respect to the declaratory judgment claim. To satisfy this requirement for a declaratory judgment action, the allegations must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The Second Amended Complaint asserts that "Lassiter has brought the genesis of a civil action against Prince William County in which Blankenship was alleged to be principally blamed." Dkt. 37 at ¶ 55. The Second Amended Complaint also asserts that Plaintiff was subject to questions

during the hearing concerning her competence and capacity to create an IEP for Ms. Lassiter's daughter. *Id.* at ¶¶ 50-51. Ms. Lassiter's initiation of a special education due process hearing as to Prince William County – even to the extent Plaintiff was a witness in such a proceeding – does not create a justiciable Article III controversy with respect to her declaratory judgment claim. The Second Amended Complaint remains devoid of allegations that Ms. Lassiter ever indicated she would sue Plaintiff. There is no "substantial controversy … of sufficient immediacy and reality" to provide Blankenship with standing to bring a declaratory judgment action.

Because the Second Amended Complaint does not articulate a case of actual controversy underlying the declaratory judgment claim, the amendment would be futile and therefore, Plaintiff's Motion to Amend should be denied.

  b. **Count IV Fails to State a Claim Upon Which Relief May Be Granted.**

In Count IV (Violation of 18 U.S.C. §§ 2701, *et seq.*, The Stored Communications Act), Plaintiff asserts that Ms. Lassiter intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceeded an authorization to access that facility, and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage in such a system. Dkt. 37 at ¶ 67. However, the Second Amended Complaint is devoid of any factual allegations to support the legal conclusions set forth in Paragraphs 66-69. As the Court is not required to accept as true a legal conclusion unsupported by factual allegations, the amendment with respect to Count IV is futile as it fails to state a claim upon which relief may be granted. Therefore, the Motion to Amend should be denied.

    **c. Counts II and III Remain Subject to Dismissal.**

In the Dismissal Order, the Court declined to exercise supplemental jurisdiction over the state law claims in Counts II and III. Because there remains no plausible federal claim in the proposed Second Amended Complaint, the claims in Counts II and III are futile. Moreover, because the Second Amended Complaint contains no additional allegations in support of either count, the claims would also be subject to dismissal for the reasons previously set forth in Defendant's Motion to Dismiss for Failure to State a Claim for Counts I and III (Dkts. 22-23), and Defendant's Motion for Partial Summary Judgment as to Count II (Dkts. 25-26).

Because each of the four counts in the proposed Second Amended Complaint would be subject to dismissal, the amendment is futile. Consequently, the Motion to Amend and Stay should be denied.

## CONCLUSION

For all of the foregoing reasons and any additional reasons that may be presented at oral argument on this matter, Defendant Yesenia Lassiter respectfully requests that this court deny Plaintiff's Motion to Amend and Stay.

                                                 Respectfully Submitted,

                                                 **YESENIA LASSITER**

                                                 <u>/s/ Jessica A. Swauger</u>
                                                 John B. Mumford, Jr. (VSB No. 38764)
                                                 Jessica A. Swauger (VSB No. 89612)
                                                 HANCOCK, DANIEL & JOHNSON, P.C.
                                                 4701 Cox Road, Suite 400
                                                 Glen Allen, Virginia 23060
                                                 Telephone: (804) 967-9604
                                                 Facsimile: (804) 967-9888
                                                 jmumford@hancockdaniel.com
                                                 jswauger@hancockdaniel.com

> Micah E. Ticatch (VSB No. 83351)
> Isler Dare P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> Telephone: (703) 663-1308
> Facsimile: (703) 748-2695
> mticatch@islerdare.com
> *Counsel for Yesenia Lassiter*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    M. Keith Blankenship, Esq. (VSB No. 70027)
    DA VINCI'S NOTEBOOK, LLC
    9000 Mike Garcia Drive, No. 52
    Manassas, Virginia 20109
    Telephone: (703) 581-9562
    keith@dnotebook.com
    *Counsel for Plaintiff*

    /s/ Jessica A. Swauger
    John B. Mumford, Jr. (VSB No. 38764)
    Jessica A. Swauger (VSB No. 89612)
    HANCOCK, DANIEL & JOHNSON, P.C.
    4701 Cox Road, Suite 400
    Glen Allen, Virginia 23060
    Telephone: (804) 967-9604
    Facsimile: (804) 967-9888
    jmumford@hancockdaniel.com
    jswauger@hancockdaniel.com

    Micah E. Ticatch (VSB No. 83351)
    ISLER DARE P.C.
    1945 Old Gallows Road, Suite 650
    Vienna, Virginia 22182
    Telephone: (703) 663-1308
    Facsimile: (703) 748-2695
    mticatch@islerdare.com
    *Counsel for Yesenia Lassiter*