UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ADELINA BLANKENSHIP,<br>              Plaintiff,<br><br>      v.<br><br>YESENIA LASSITER,<br>                Defendant. | 1:23-cv-1328-MSN-IDD |

## ORDER

This matter comes before the Court on Plaintiff's Second Motion to Amend Complaint (ECF 36).

The Court previously dismissed Plaintiff's Amended Complaint for lack of jurisdiction without leave to amend on December 5, 2023. *See* ECF 35. Because the Court dismissed this action without leave to amend, the dismissal order was a final judgment. *See Britt v. DeJoy*, 45 F.4th 790, 796-98 (4th Cir. 2022) (en banc). "[A] plaintiff may only amend her complaint following a judgment if they file a motion to reopen or to vacate the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)." *Id.* at 793 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)).

Plaintiff did not file a motion to reopen or vacate the judgment. A motion under Rule 59 must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The deadline for Plaintiff to file a Rule 59 motion was therefore January 2, 2024, but Plaintiff did not file the instant motion until January 5, 2024, and cannot now file such a motion. Plaintiff also did not seek relief from the judgment under Rule 60(b), nor does the instant motion identify any grounds that would warrant relief under Rule 60(b). Although Plaintiff argues that Lassiter has subsequently

1

initiated "agency actions" against Prince William County, in which Blankenship, as a "principal witness," learned that Lassiter had submitted "false documentation" (ECF 38) concerning her daughter's purported disabilities, this does not constitute new evidence or any other grounds that would warrant relief under Rule 60(b), as Plaintiff's First Amended Complaint already contained allegations that Lassiter "exaggerated her daughter's alleged mental and physical disabilities" (FAC ¶ 9). Plaintiff's motion to file a second amended complaint is therefore procedurally improper.

Moreover, even if the instant motion were proper, it would be futile. As to the declaratory judgment claim, Plaintiff's proposed Second Amended Complaint asserts that "Lassiter has brought the genesis of a civil action against Prince William County in which Blankenship was alleged to be principally blamed." ECF 37 ¶ 55. But Lassiter's initiation of agency proceedings against Prince William County—even if Plaintiff was a witness in such a proceeding—does not create a justiciable Article III controversy with respect to her declaratory judgment claim. Because the proposed Second Amended Complaint remains devoid of allegations that Lassiter ever indicated she would sue Plaintiff, it contains the same deficiencies as the First Amended Complaint. The proposed Second Amended Complaint also adds a new cause of action alleging a violation of 18 U.S.C. §§ 2701, *et seq.*, the Stored Communications Act, but these allegations are only conclusory legal assertions that fail to state a claim. *See* ECF 37 ¶¶ 66-69. To the extent Plaintiff bases this claim on her new allegations that Lassiter used a "False Analysis" by a suspended practitioner to support her daughter's diagnoses, Plaintiff offers no allegations tying this to a violation of the Stored Communications Act. *Id.* ¶¶ 47-51.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Second Motion to Amend Complaint (ECF 36) is **DENIED**.

It is **SO ORDERED.**


_____
                                                              /s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
August 6, 2024